HON. ANGELO D. LOMANTO City Attorney, Gloversville
This is in response to your letter received October 20, 1977, wherein you ask for an opinion of the Attorney General relating to the following. You state that the Common Council of the City of Gloversville on October 18, 1977 adopted a local law providing for games of chance in the City of Gloversville pursuant to authority contained in General Municipal Law, Article 9-A. You further state that the local law as adopted provides for its submission to the electorate at a special election. You ask that since the general election for the year 1977 is less than 60 days from the date of the adoption of the local law, would it be possible to amend the local law and place it and submit it to the electorate at the general election of 1978.
Laws of 1976, chapter 960, effective on the 30th day after July 27, 1976, added an Article 9-A to the General Municipal Law, said Article known as the "Games of Chance Licensing Law." General Municipal Law, § 188, contained in said Article, provides:
 "1. The common council or other local legislative body of any municipality may, either by local law or ordinance, provide that it shall be lawful for any authorized organization, upon obtaining a license therefor as hereinafter provided, to conduct games of chance within the territorial limits of such municipality, subject to the provisions of such local law or ordinance, the provisions of this article, and the provisions set forth by the board.
 "2. No such local law or ordinance shall become operative or effective unless and until it shall have been approved by a majority of the electors voting on a proposition submitted at a general or special election held within such municipality who are qualified to vote for officers of such municipality.
 "3. The time, method and manner of submission,
preparation and provision of ballots and ballot labels, balloting by voting machine and conducting the election, canvassing the result and making and filing the returns and all other procedure with reference to the submission of and action upon any proposition for the approval of any such local law or ordinance shall be the same as in the case of any other proposition to be submitted to the electors of such municipality at a general or special election in such municipality, as provided by law." Emphasis supplied.)
Gloversville City Charter, § 19.00, provides:
 "When a resolution or ordinance of the common council is subject to a mandatory referendum, it shall be submitted to a vote of the qualified electors of the city at a general or special election. The common council shall fix a date not less than sixty days after the adoption of the resolution or ordinance, for submission of the proposition at such general or special election."
Since the Common Council of the City of Gloversville opted to adopt a local law to comply with the provisions of General Municipal Law, §188, the provisions of Gloversville City Charter, § 19.00 are not applicable and the answer to your question must be found in Municipal Home Rule Law, § 23, which provides in part:
 "1. A local law subject to mandatory referendum as provided in this section or in any other state statute, shall be submitted for the approval of the electors at a general election of state or local government officers in such local government held not less than sixty days after the adoption thereof unless such local law provides for its submission for approval of the electors at a special election or unless, within thirty days after the adoption of such local law, a petition signed, authenticated and subject to certification by the clerk as provided for other petitions in section twenty-four of this chapter is filed with such clerk requesting its submission at a special election. If the local law so provides or if a valid petition is so filed requesting the submission of the local law at a special election, it shall be submitted at such a special election held in such local government not less than sixty days after the adoption of the local law, the date for which special election shall be fixed by the legislative body. * * *" (Emphasis supplied.)
While the above language prescribes a minimum time in which a local law may be submitted to the electorate after its adoption, it is silent on the maximum time allowed for such action.
In carefully examining the provisions of Municipal Home Rule Law, §23(1), we conclude that the Common Council of the City of Gloversville, which adopted a local law on October 18, 1977 providing for games of chance in the City of Gloversville pursuant to provisions of Article 9-A of the General Municipal Law and providing for its submission to the electorate at a special election, may amend said local law to provide that it be submitted to the electorate at the general election of 1978 subject to a timely and valid petition being submitted to the City Clerk requesting that the local law be submitted to the electorate at a special election.